*1257 OPINION.
Lansdon :
The deficiency here is based on the respondent’s determination that petitioner failed to include in his gross income for the taxable year the amount of $94,556.90, representing profit realized from the sale of real estate located in Chicago. The only dispute over this item is whether it should be reduced by the amount of $7,727.10. On this issue the contention of the petitioner is right. Whether such amount represents a discount on purchase money notes received in payment for the Chicago property, reducing them to *1258 market or actual cash value, or was interest paid the Association, it is perfectly clear it should not be included in petitioner’s gross income in the taxable year.
Admitting a gain from the sale of real estate in the amount of $94,556.90, less discount as set out above, the petitioner now contends that he suffered a loss of $98,003.04 resulting from the discharge of his obligations under the agreement of May 27, 1922. The amount of the alleged loss is the difference between the petitioner’s guaranty to the Association of $160,000 and the total receipts from the liquidation of the assets of the Supply Company that remained after the organization of the new corporation. If the petitioner bases his claim for a deduction from gross income in 1924 on the loss sustained in making good his guaranty to the Association, it must be disallowed. The record discloses that the assets in question were all sold in 1922 and that final payment under the guaranty was made in 1923. If any loss resulted from petitioner’s guaranty, it was sustained in 1923 at the latest.
The alternative theory and the one most strongly urged by counsel is that petitioner acquired the stock of the Supply Company under the agreement of May 27, 1922, at a cost of $160,000 and disposed of it on October 27, 1924, for a consideration of no money value and, therefore, at that date sustained a loss in the disposition of such stock measured by the difference between $160,000, the cost thereof, and $61,996.96, the amount realized from the sale of the assets of the Supply Company. To establish this contention the petitioner must show that he bought the stock and its cost, as well as the amount realized by disposition thereof. His burden is no more than the proof of three plain facts — cost, disposition, and loss. He has not sustained that burden. The evidence that the petitioner ever owned the stock of the Supply Company is at best extremely weak. It is true that the certificates thereof were attached to his notes given in payment for the stock of the new corporation, but it seems quite clear that the Association imposed that condition and permitted the stock upon which it had asserted a lien to be so used for its own protection. It is also true that such certificates were in some way turned over to the petitioner after he completed the payments due under his guaranty, but the agreement under which he surrendered them to Royal B. Douglass, Gleason, and Alice B. Douglass at October 27, 1924, recites only that they were all in the custody of the petitioner. There is not a word about ownership and it is a perfectly proper inference that in fact petitioner merely returned the stock to its actual owners under the agreement which counsel argues is evidence of disposition without consideration.
*1259 Even if the petitioner was the owner of the stock of the Supply Company at October 27, 1924, there is no evidence that establishes the amount of loss, if any, sustained by his disposition of the certificates at that date on the terms and conditions set out in the agreement between himself, Royal B. Douglass, Gleason, and Alice B. Douglass. Under the terms of that agreement the petitioner received consideration in the form of release from certain liabilities and indemnification against loss or damage incident to his liquidation of the assets of the Supply Company under the agreement of May 27, 1922. These considerations must have had some value and in the absence of evidence it is presumed that such value was at least equal to that of the stock certificates surrendered. On the petitioner’s own theory of loss through ownership and disposition of the stock of the Supply Company, the evidence does not overcome the presumption that the determination of the respondent is correct.
The petitioner claims that respondent has failed to allow any deduction from income in the taxable year on account of interest paid to the Association. The record shows that he paid such interest in the amount of $10,154 and that respondent has allowed a deduction for interest in excess thereof. On this issue the contention of the petitioner is denied. Since respondent, at or before the hearing, did not move to increase the deficiency, no adjustment of this item under Rule 50 is necessary. Petitioner’s contention in respect of discount has been disposed of above in this opinion.

Decision will be entered under Rule 50.